The opinion of the court was delivered by
Horton, C. J.:
The principal point made by the plaintiffs in error is, that the court erred in not sustaining their demurrer to the evidence of the defendant in error. It is alleged that he failed to prove the property was unlawfully detained. It appears from the record, that the plaintiffs in error had caused the goods in controversy to be attached as the-property of Farmer Bros. The defendant in error claimed to-be the owner of them by purchase from Farmer Bros., and at once commenced an action of replevin»against the sheriff holding the goods under attachment. When the action was called for trial, plaintiffs in error were substituted as parties defendant in place of the sheriff. It was admitted on the trial that the goods described in the petition were the same goods that *701 were attached by plaintiffs in error in a suit brought by them •against Farmer Bros., on the same day of the commencement ■of this action. The sheriff of Elk county testified that he levied the attachment upon the goods in controversy; that he had possession of the goods at the time the order for. the delivery of the property to the defendant in error was served by virtue ■of the attachment, and that he had not returned the goods to any one up to the time the order for the delivery thereof was served on him. It was also shown by the testimony that a formal demand of the goods was made on the sherjff before the service of the papers in replevin, and that the sheriff answered that he held the goods by attachment, and stated he refused to give them up unless they were replevied. The ■sheriff’s return upon the order of attachment was also produced in evidence, showing the attachment of the goods by him. This testimony was amply sufficient to go to the jury, tending to show a wrongful detention of the property as against the defendant in error by the sheriff under the attachment proceedings after the defendant in error had proved his ownership in the property, and that he was entitled to the immediate possession Qf the same.
Considerable stress is put upon the testimony of defendant in error, that at the time he brought this action he was in possession of the goods. This however was qualified by his -statement that the sheriff had come in and served the attachment upon the goods, and he presumed that they were then in the sheriff’s possession. After the service of the order of attachment, all the parties considered the property in the actual possession of the sheriff.
The only defense made upon the trial was, that the sale and •conveyance by Farmer Bros, to the defendant in error of the goods in controversy was fraudulent. Upon this question ■the evidence was conflicting, but still there was some evidence to prove the defendant in error was a bona fide purchaser for a valuable consideration, of the property; and as the jury found in his favor, and as the district.court approved of the *702 verdict of the jury and rendered judgment thereon, we cannot now reverse the judgment.
The judgment of the court below will be affirmed.
All the Justices concurring.